```
                IN THE UNITED STATES DISTRICT COURT FOR THE
                       EASTERN DISTRICT OF OKLAHOMA

VICKEY LYNN WATSON,            )
                               )
              Plaintiff,       )
                               )
v.                             )       Case No. CIV-12-453-FHS-KEW
                               )
CAROLYN W. COLVIN, Acting      )
Commissioner of Social         )
Security Administration,       )
                               )
              Defendant.       )
```

## REPORT AND RECOMMENDATION

Plaintiff Vickey Lynn Watson (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); *see also*, <u>Casias</u>, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on June 17, 1966 and was 45 years old at the time of the ALJ's decision. Claimant completed her education through the fifth grade. Claimant has worked in the past in a chicken plant gathering eggs and working on a packing line. Claimant alleges an inability to work beginning July 15, 2009 due to limitations resulting from back pain, neck pain, foot pain, and

3

COPD.

**Procedural History**

On February 25, 2010, Claimant protectively filed for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On June 7, 2011, an administrative hearing was held before Administrative Law Judge ("ALJ") Osly F. Deramus. On July 21, 2011, the ALJ issued an unfavorable decision on Claimant's application. The Appeals Council denied review of the ALJ's decision on September 4, 2012. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the residual functional capacity ("RFC") to perform sedentary work with some restrictions.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in (1) failing to perform his affirmative heightened duty to fully develop the record for Claimant as a *pro se* claimant; and (2) making conclusory

4

findings at step three without any attempt to perform an analysis of the applicable listings.

## Duty to Develop the Record

In his decision, the ALJ determined Claimant suffered from the severe impairments of disorders of the back and osteoarthritis. (Tr. 12). The ALJ also found Claimant retained the RFC to perform sedentary work except she can occasionally stoop and balance, never crouch, crawl, or kneel, and she could occasionally climb stairs, but never climb ladders. (Tr. 13). After consultation with a vocational expert, the ALJ found Claimant could perform the representative jobs of assembler, which the vocational expert testified existed in sufficient numbers in the regional and national economies. (Tr. 18).

Claimant contends the ALJ failed to obtain Claimant's most recent medical records or order a consultative examination to ascertain Claimant's mental abilities. Claimant only completed her education through the fifth grade. She indicates that she was unable to complete at least some of the application for benefits documents. The ALJ's questioning regarding Claimant's ability to read, write, and do basic math consisted of whether she could read a short note. (Tr. 29) Claimant responded that she could. She also stated she had trouble comprehending things. She also stated

5

she could add and subtract "to a certain extent." Id.

The ALJ also asked Claimant about her treating physicians. Claimant identified Dr. Barnes at the Choctaw Clinic and Dr. Lucas at Battiest. (Tr. 32). It appears from the record, however, that the ALJ made no attempt to obtain records from either of these physicians.

Generally, the burden to prove disability in a social security case is on the claimant, and to meet this burden, the claimant must furnish medical and other evidence of the existence of the disability. Branam v. Barnhart, 385 F.3d 1268, 1271 (10th Cir. 2004) citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987). A social security disability hearing is nonadversarial, however, and the ALJ bears responsibility for ensuring that "an adequate record is developed during the disability hearing consistent with the issues raised." Id. quoting Henrie v. United States Dep't of Health & Human Services, 13 F.3d 359, 360-61 (10th Cir. 1993). As a result, "[a]n ALJ has the duty to develop the record by obtaining pertinent, available medical records which come to his attention during the course of the hearing." Id. quoting Carter v. Chater, 73 F.3d 1019, 1022 (10th Cir. 1996). The ALJ's duty is heightened when the claimant has little education and is unrepresented by counsel. Dixon v. Heckler, 811 F.2d 506, 510 (10th Cir. 1987).

The primary consideration on review is whether the record was sufficiently developed to reflect (1) the nature of a claimant's alleged impairments; (2) the ongoing treatment and medication the claimant is receiving; and (3) the impact of the alleged impairment on a claimant's daily routine and activities. Musgrave v. Sullivan, 966 F.2d 1371, 1375 (10th Cir. 1992).

The duty to develop the record extends to ordering consultative examinations and testing where required. Consultative examinations are used to "secure needed medical evidence the file does not contain such as clinical findings, laboratory tests, a diagnosis or prognosis necessary for decision." 20 C.F.R. § 416.919a(2). Normally, a consultative examination is required if

> (1) The additional evidence needed is not contained in the records of your medical sources;
>
> (2) The evidence that may have been available from your treating or other medical sources cannot be obtained for reasons beyond your control, . . .
>
> (3) Highly technical or specialized medical evidence that we need is not available from your treating or other medical sources;
>
> (4) A conflict, inconsistency, ambiguity or insufficiency in the evidence mus be resolved, and we are unable to do so by recontacting your medical source; or
>
> (5) There is an indication of a change in your condition that is likely to affect your ability to work.
>
> 20 C.F.R. § 416.909a(2)(b).

Claimant's fifth grade education and unfamiliarity with her duty under the sequential evaluation imposed a duty upon the ALJ to obtain her most recent medical records which she identified at the hearing. Additionally, the ALJ should consider employing the services of a mental health consultative examiner in order to ascertain the extent of Claimant's functional limitations in order to reach an informed RFC.

### Step Three Analysis

Claimant also contends the ALJ should have made more detailed findings as to whether Claimant met a listing. Clearly, the ALJ's findings in this regard were sparse. Claimant asserts the medical records support her claim of severe back pain as well as chronic pain syndrome. (Tr. 181, 203, 216, 221, 235, 241, 251). Claimant testified that her condition limited her ability to walk. (Tr. 35). The ALJ should have at least discussed the listings which include difficulty with ambulation in his decision. On remand, the ALJ shall consider these listings and make the appropriate findings to demonstrate such consideration.

### Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above

and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 12th day of March, 2014.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE